IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

UNITED STATES OF AMERICA,

    Plaintiff,

v.                                                  No. CV-06-0096 JC/KBM
                                                      CR-05-0298 JC

SAMUEL LUNA-GALLEGOS,

    Defendant.

MEMORANDUM OPINION AND ORDER

    This matter comes before the Court on Defendant's motion to vacate, set aside, or correct sentence (CV Doc. 1; CR Doc. 23) filed February 2, 2006. *See* 8 U.S.C. § 2255 R.4. Defendant pled guilty to an indictment charging reentry of a deported alien previously convicted of an aggravated felony. *See* 8 U.S.C. § 1326(a)(1)-(2), (b)(2). On May 12, 2005, the Court entered judgment on Defendant's conviction. Defendant did not appeal his conviction or sentence. He incorporates by reference the arguments he made in his earlier Motion to Reinstate Issue in the criminal proceeding. He claims that, to the extent the Court calculated his sentence based on a prior conviction, the sentence is unconstitutional under *Almendarez-Torres v. United States*, 523 U.S. 224 (1998), and *Shepard v. United States*, 544 U.S. ---, 125 S. Ct. 1254 (2005).

    As noted in the order denying Defendant's Motion to Reinstate Issue, current precedent precludes the substantive relief that he seeks under *Almendarez-Torres* and *Shepard*. *See United States v. Moore*, 401 F.3d 1220, 1224 (10th Cir. 2005). As the United States Court of Appeals for the Tenth Circuit has stated,

    We note that in the recent case of *Shepard v. United States*, No. 03-9168, 544 U.S.

__, 2005 WL 516494 (Mar. 7, 2005), Justice Thomas stated that a majority of the Court now recognizes that *Almendarez-Torres* was wrongly decided. Justice Thomas also predicted that *Almendarez-Torres* would be overruled sometime in the near future.  Nonetheless, "we are bound by existing precedent to hold that the *Almendarez-Torres* exception to the rule announced in *Apprendi* [*v. New Jersey*, 530 U.S. 466 (2000)] and extended to the Guidelines in [*United States v.*] *Booker*, [125 S. Ct. 738 (2005)] remains good law."

*United States v. Jeffrey*, No. 04-8009, 2005 WL 827153, at *18 n.12 (10th Cir. Apr. 11, 2005) (quoting *Moore*, 401 F.3d at 1224).  The decisions in *Almendarez-Torres* and *Shepard* provide no support for Defendant's claims, and his § 2255 motion will be dismissed.

IT IS THEREFORE ORDERED that Defendant's motion to vacate, set aside, or correct sentence (CV Doc. 1; CR Doc. 23) filed February 2, 2006, is DISMISSED with prejudice; and judgment will be entered.

_____
UNITED STATES DISTRICT JUDGE